# United States District Court
## For the District of Columbia

BUTERA & ANDREWS
A District of Columbia Partnership
1301 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C.  20004

                              Plaintiff

       v.

INTERNATIONAL BUSINESS MACHINES CORPORATION
A New York Corporation
175 King Street
Armonk, New York 10504
Registered Agent:  C.T. Corporation System
                   1015 15th Street N.W.
                   Suite 1000
                   Washington, D.C.  20005

JOHN DOE
An Individual Unknown at this time
Address Unknown at this time

                              Defendants

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

This is an action for monetary damages and injunctive relief based on the actions

of defendant IBM and its employees and agents for interference with plaintiff's computer

records in violation of Federal statutes.  In support of these claims, Plaintiff alleges the following:

## I  Parties

1. Butera & Andrews is a professional partnership located in the District of Columbia that engages in the practice of law.

2. International Business Machines Corporation (IBM) is a New York corporation that engages in the sale of computer equipment and services throughout the world.  It performs business operations in the District of Columbia.  As one of its computer related services, defendant IBM also maintains a facility in Durham, North Carolina known as WebSphere Services, located at 3039 Cornwallis Road, Research Triangle Park, Durham, North Carolina, 27708,  At that location,  IBM performs a variety of services, including, but not limited to operation, supervision and maintenance of computers leased to other companies that serve as internet or private network servers, access to the internet and remote control and maintenance services for equipment located at other sites.

3. John Doe is an unknown individual at this time.  Upon information and belief, Plaintiff asserts that John Doe is a person who is employed by Defendant IBM at its Durham, North Carolina facility located on Cornwallis Road.  Upon information and belief, Plaintiff further asserts that John Doe is a person who has security access to those computers that are located at or controlled from the Durham facility.

2

## II    Jurisdiction and Venue

4. Jurisdiction is present pursuant to 28 U.S.C. 1331 for violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 *et seq.*; the Stored Communications Act, 18 U.S.C. 2701 *et seq.* and the Electronic Communication Privacy Act, 18 U.S.C. 2510, *et. seq.* This court has original jurisdiction of such claims pursuant to 28 U.S.C. 1331.

5. Venue is proper under 18 U.S.C. 1391(b), in that Defendant IBM conducts business in this district and a substantial amount the events giving rise to the claim took place in this district.

## III    Facts

6. Butera & Andrews is a law firm engaged in the practice of law in the District of Columbia.  Its principal place of business is the District of Columbia.  As part of that practice, the firm makes extensive use of electronic mail to communicate with clients and others on behalf of clients.

7. In or about October or November of 2005, a member of the law firm became aware of facts which suggested that the e-mail server through which the firm operated had been compromised by unauthorized parties. This electronic mail either begins or concludes through the e-mail service of Butera & Andrews at its Washington, D.C. office.  Butera & Andrews contracts for this e-mail service with the Sierra Corporation of Falls Church, Virginia which operates a computer e-mail server located in Boston, Massachusetts that serves as the host for the Butera & Andrews e-mail service and conducts the organization, transmission and storage of e-mail in interstate commerce.

3

8. As a result of this situation, the law firm sought the assistance of a private investigative firm who specializes in computer forensics to review security in the Butera & Andrews office. This security review resulted in the expenditure of in excess of $61,000.00 during the period October 1, 2005 through March 1, 2006.

9. As part of that security review, these investigators discovered that the Butera & Andrews e-mail server had been penetrated by unauthorized personnel. This activity consisted, in part, of the placing of a series of computer code instructions in the mail server which assigned administrative rights for the e-mail system to a computer "hacker" which permitted the hacker to enter the system surreptitiously. In addition, the hacker attempted to utilize an automatic sync feature in which the hacker was able to download only those documents which had been changed since the last hacker entry. This computer code was downloaded into the Butera & Andrews e-mail server without the permission or knowledge of Butera & Andrews or Sierra Corporation.

10. An IP (Internet Protocol) address is a unique identifying number for a particular computer. It consists of a numeric address written as four numbers separated by periods. Each number can be zero to 255. Within an isolated private network, IP addresses can be assigned at random as long as each one is unique. However, connecting a private network or individual computer to the internet requires using registered IP addresses (often called Internet addresses) to avoid duplicates. These IP addresses serve as locational information for the receipt and transmission of information over the internet. IP addresses are registered with independent third parties by those who wish to establish an internet presence.

4

11. On November 12, 2006, an attempt by an unauthorized party was made upon the e-mail server of Butera & Andrews and was monitored in its early stages by employees of the computer security firm retained by Butera & Andrews, as well as the Sierra Corporation. While ultimately unsuccessful at obtaining full access to the e-mail computer, this attempt did indicate that it came from a computer with the IP address of 170.224.68.57. Upon information and belief, this IP address is registered to the Defendant IBM and is located at the IBM facility on Cornwallis Road in Durham, North Carolina. Upon information and belief, Defendant John Doe in his capacity as IBM employee or agent, initiated, directed and managed this attack from the Durham, North Carolina facility.

12. As part of the attempt to track the unauthorized entry during November of 2006, computer security personnel established an electronic "picket" around the Butera & Andrews e-mail server. An electronic picket is a monitoring program which readily announces its presence to unauthorized users. During November of 2006, this electronic picket was subject to attack by an unauthorized user. During this attempt to gain unauthorized access to the Butera & Andrews e-mail server, security personnel displayed to the hacker computer identity information which permitted the hacker to undertake a "denial of service" attack upon the computer maintained by the security personnel. A denial of service attack is an electronic assault on a network that floods it with so many useless requests that regular traffic is either slowed or completely interrupted, thus denying services to the legitimate users of the network. The computer that was the subject of this denial of service attack was separate and apart from the computer that was the subject of the earlier attacks. These denial of service attacks took place during the

period from November 12, 2006 to November 25, 2006 and were repeated multiple times. They originated from IP addresses which are registered to the IBM facility on Cornwallis Road in Durham, North Carolina. Upon information and belief, Defendant John Doe in his capacity as IBM employee or agent, initiated, directed and managed these attacks from the Durham, North Carolina facility.

13. As part of the security review conducted at Butera & Andrews, investigators reviewed computer logs from additional companies and organizations which are clients of the firm. A review of computer logs for a client of Butera & Andrews revealed over 42,000 attempts by 80 different IP addresses registered to the IBM Durham controlled machines to penetrate the company's internal computer server during the 12 month period beginning on January 1, 2005. Upon information and belief, Defendant John Doe in his capacity as IBM employee or agent, initiated, directed and managed this attack from the Durham, North Carolina facility.

14. As an additional part of the security review, investigators on the part of the plaintiff have learned that the IBM Durham facility has in the past 12 months altered its security logging procedure. Computer activity logs are kept by such facilities to track improper use of equipment and facilitate forensic examination of unauthorized computer activity. Upon information and belief, plaintiffs allege that the IBM Durham facility has implemented a policy in which it maintains logs for only a 24 hour period. At the conclusion of the 24 hour period, the logs are permanently erased. Illegal, improper or unauthorized activity of any of the computers under the control or management of the IBM Durham facility can no longer be tracked beyond the 24 hour period. Plaintiff

alleges that such a corporate policy encourages improper use of the machines since it assures anonymity for any wrongdoer.

## IV Counts

### A. Count One (Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(2); 1030(a)(5) and 1030(b)

15. Plaintiff realleges and incorporates the allegations as set forth above.

16. On or about October or November, 2005, a person or persons whose identity is unknown at this time accessed without permission the e-mail computer server of Butera & Andrews and without authority transmitted a program, information, code or command to that computer. This e-mail server regularly operates in the transmission of electronic information in interstate commerce and is a "protected computer" as defined in 18 U.S.C.(e)(2)(C). This access was accomplished through the unauthorized placement of programming code within the e-mail server to facilitate surreptitious entry and unauthorized downloading of confidential communications, in violation of 18 U.S.C. (a)(5)(A)(i), (ii) and (iii). This unauthorized programming code is connected to defendant IBM as follows: Attempts at sync ups with the mail server were made by a computer whose IP address is registered to the secured IBM facility on Cornwallis Road in Durham, North Carolina. These attempts were made with IBM owned or operated equipment and were directed by IBM employees or agents. As a result of this unauthorized entry, Plaintiff Butera & Andrews has expended in excess of $5,000 in the investigation, surveillance and repair of its e-mail systems as required by 18 U.S.C. 1030(a)(5)(B).

7

**B. Count Two (Stored Wire and Electronic Communications Act, 18 U.S.C. 2701)**

17. Plaintiff realleges and incorporates the allegations as set forth above.

18. Upon information and belief, on or about October or November, 2005, a person or persons whose exact identity is unknown at this time accessed without permission the e-mail server of Butera & Andrews, a facility through which electronic communication is provided and transmitted without permission programming code designed to reside within the e-mail server and facilitated surreptitious entry and unauthorized downloading of confidential communications in violation of 18 U.S.C. 2701(a)(1). The Butera & Andrews e-mail server operates in interstate commerce. This unauthorized programming code is connected to defendant IBM as follows: The change of administrative rights within the e-mail server was the object of file sync attempts by a computer whose IP address is registered to the secured IBM facility on Cornwallis Road in Durham, North Carolina. These access efforts were made with IBM owned or operated equipment and were directed by IBM employees or agents. As a result of this unauthorized activity, Plaintiff Butera & Andrews has expended in excess of $60,000 in the investigation, surveillance and repair of its e-mail systems

**C. Count Three (Federal Wiretap Act, 18 U.S.C. 2511 and 2520)**

19. Plaintiff realleges and incorporates the allegations as set forth above.

20. Upon information and belief, on or about October or November, 2005, a person or persons whose exact identity is unknown at this time accessed without permission the e-mail server of Butera & Andrews and retrieved confidential e-mail.

8

Additional attempts to intercept confidential e-mail from this same Butera & Andrews server were made in the following weeks in violation of 18 U.S.C. 2511(1)(a) and (b). In addition, sometime during this period, the same unknown actor accessed the e-mail server of plaintiff and transmitted without permission, programming code designed to reside within the e-mail server and facilitated surreptitious entry and unauthorized downloading of confidential electronic communications which also violated 18 U.S.C. 2511(a) and (b). This e-mail server is part of a business which operates in interstate commerce. This unauthorized programming code is connected to defendant IBM as follows: The change of administrative rights within the e-mail server was the object of file sync attempts by a computer whose IP address is registered to the secure IBM facility on Cornwallis Road in Durham, North Carolina, the operations of which do not satisfy the exemptions contained in 18 U.S.C. 2511(2) and subjects the defendant to penalties pursuant to 18 U.S.C. 2520. These attempts were made with IBM owned or operated equipment and were directed by IBM employees or agents. As a result of this unauthorized activity, Plaintiff Butera & Andrews has expended in excess of $60,000 in the investigation, surveillance and repair of its e-mail systems

## V  Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A. That the court enter injunctive relief ordering the Defendant IBM and any of its officers, agents, servants, employees and other persons in active concert or participation with any of them to cease violations of statutory and common law and

requiring the return of all information illicitly obtained from plaintiff that resides in any

of the computer equipment that is owned or maintained by defendant IBM.  In addition,

Plaintiff seeks an order from the Court directing the disclosure of information under its

control which may reflect on who may have caused the placement of unauthorized code,

unauthorized entries, denial of service attacks and theft of electronic information as well

as who may have received the electronic information from Defendant.

      B. That the Defendants be ordered to pay Plaintiff for its damages, including

damages for items illicitly taken; the costs of investigation; the costs of additional

security measures; statutory damages and attorney's fees for the prosecution of this

action.

      C. For such other and further relief as the Court may deem just or equitable.

DATED this 7th day of April, 2006

Butera & Andrews
Attorneys for Plaintiffs
1301 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 2004
202.347.6875

By /s/ Dennis M. Hart (935643)