**EXHIBIT A**

*2000 U.S. Dist. LEXIS 9351, **

STEVEN LEBLANC, ET AL VERSUS ALLSTATE INSURANCE COMPANY, ET AL.

CIVIL ACTION NUMBER 99-2724 SECTION "L" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2000 U.S. Dist. LEXIS 9351

June 22, 2000, Decided
June 22, 2000, Filed; June 23, 2000, Entered

**DISPOSITION: [*1]** Defendants' motion GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs' claims under 18 U.S.C. § 1030 of the Computer Fraud and Abuse Act DISMISSED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant insurers moved to dismiss the class action complaint alleging that defendants exceeded their authority in obtaining plaintiffs' credit reports for use in litigation in violation of the Computer Fraud and Abuse Act, 18 U.S.C.S. § 1030.

**OVERVIEW:** Class action plaintiffs alleged that defendant insurers intentionally exceeded their authorized access to the computerized database of consumer credit files to obtain plaintiffs' credit reports for use in litigation, in violation of the Computer Fraud and Abuse Act, 18 U.S.C.S. § 1030. The court held that the expansive terms of the written authorizations executed by plaintiffs permitting defendants to obtain plaintiffs' credit reports were broad enough to include use of the reports in litigation. Further, since the reports were obtained prior to the litigation, plaintiffs could not establish that defendants intentionally exceeded their authority at the time the reports were obtained. There was thus no violation of the statute, since defendants were authorized to obtain the reports and did not intentionally exceed that authority.

**OUTCOME:** Motion to dismiss was converted to a motion for summary judgment, and motion was granted; plaintiffs' written consent was broad enough to permit defendant insurers to obtain credit reports for purposes of litigation and, since the reports were obtained prior to the litigation, defendants lacked the intent to exceed their authority as required under the computer fraud statute.

**CORE TERMS:** authorization, exceeded, intentionally, motion to dismiss, database, Abuse Act, summary judgment, consumer, convert, Fair Credit Reporting Act, consumer reports, nonmoving party, written consent, consumer credit, accessed

**LexisNexis(R) Headnotes**

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
*HN1* When deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a district court generally must assume all factual allegations are true and construe them liberally in favor of the nonmoving party.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims

HN2⯐A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
HN3⯐A motion to dismiss will not be defeated by conclusory allegations or legal conclusions presented as factual allegations.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview
Civil Procedure > Summary Judgment > Supporting Materials > General Overview
HN4⯐When the nonmovant submits exhibits outside the pleadings and the district court considers them, the court must convert a motion to dismiss to a motion for summary judgment.

Civil Procedure > Summary Judgment > Standards > Appropriateness
Civil Procedure > Summary Judgment > Standards > Legal Entitlement
Civil Procedure > Summary Judgment > Standards > Materiality
HN5⯐Summary judgment is appropriate if the evidence on file shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview
Civil Procedure > Summary Judgment > Standards > General Overview
HN6⯐When considering a summary judgment motion, a court must view all facts and inferences in the light most favorable to the nonmoving party.

Civil Procedure > Summary Judgment > Standards > Appropriateness
HN7⯐If the evidence leads to only one reasonable conclusion, summary judgment is proper.

Computer & Internet Law > Criminal Offenses > Computer Fraud & Abuse Act
Contracts Law > Statutes of Frauds > General Overview
Criminal Law & Procedure > Criminal Offenses > Fraud > Computer Fraud > Elements
HN8⯐See 18 U.S.C.S. § 1030 (a)(2)(A).

Computer & Internet Law > Criminal Offenses > Computer Fraud & Abuse Act
Computer & Internet Law > Criminal Offenses > Data Crimes & Fraud
Criminal Law & Procedure > Criminal Offenses > Fraud > Computer Fraud > Elements
HN9⯐A violation of 18 U.S.C.S. § 1030(a) requires that computer access be both unauthorized and intentional.

Banking Law > Consumer Protection > Fair Credit Reporting > General Overview
HN10⯐When an insurer obtains a credit report pursuant to written authorization by the insured, the "permissible purpose" requirement of the Fair Credit Reporting Act, 15 U.S.C.S. § 1681 et seq., is satisfied.


**COUNSEL:** For STEVEN - LEBLANC, ANDREA LEBLANC, plaintiffs: Joseph Keith Hardie, Jr., J. Keith Hardie, Jr., Attorney at Law, New Orleans, LA.

For STEVEN - LEBLANC, ANDREA LEBLANC, plaintiffs: Dawn Adams Wheelahan, Dawn Adams Wheelahan, Attorney at Law, New Orleans, LA.

For ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, defendants: Judy Y. Barrasso, Scott Boozman Arceneaux, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA.

For ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, defendants: Jeffrey Lennard, Sonnenschein, Nath & Rosenthal, Chicago, IL.

For TRANS UNION L L C, movant: Dawn Adams Wheelahan, Dawn Adams Wheelahan, Attorney at Law, New Orleans, LA.

**JUDGES:** Eldon E. Fallon, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Eldon E. Fallon

**OPINION: ORDER & REASONS**

Before the Court is the motion of defendants Allstate Insurance Company and Allstate Indemnity Company (collectively "Allstate") to dismiss plaintiffs' second amended complaint pursuant **[*2]** to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Allstate seeks a dismissal of claims asserted by plaintiffs Steven and Andrea LeBlanc against Allstate for violations of the Consumer Fraud and Abuse Act ("CFAA"). For the following reasons, Allstate's motion to dismiss is GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiffs Steven and Andrea LeBlanc brought this class action suit under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*, and subsequently amended their complaint to assert causes of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. n1 Plaintiffs' FCRA claims were dismissed by the Court's Order and Reasons dated May 16, 2000. Plaintiffs allege that on or about January 27, 1998, Allstate obtained the plaintiffs' consumer reports, which are also referred to as "credit reports," in connection with investigation of an insurance claim filed by plaintiffs for a loss due to car theft. Plaintiffs further aver that defendants obtained the credit reports of the LeBlancs, and other class members, without an authorization or pursuant to an invalid authorization. **[*3]** The authenticity of the consent forms is not disputed. With respect to the CFAA claims, plaintiffs assert that Allstate intentionally exceeded its authorized access when it utilized the computerized database of consumer credit files owned and maintained by Trans Union LLC to obtain the LeBlancs' credit reports. Pls. Second Am. Compl. P 6b.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Since the hearing on this motion plaintiffs were again granted leave to amend their complaint. Allstate's instant motion does not apply to the most recently added claims.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Allstate moves to dismiss plaintiffs' computer fraud claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. n2 Allstate argues that plaintiffs fail to adequately allege the mens rea required under the criminal statute to support a finding of criminal culpability. Allstate also contends that evidence in the record directly contradicts plaintiffs' allegations that Allstate intentionally exceeded its authorized access by obtaining the consumer credit files for the purpose of using them in connection **[*4]** with litigation.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 Defendants alternatively assert that dismissal is appropriate under Rule 56 if the converts the motion to dismiss to a motion for summary judgment. Defs.' Mem. in Support Mot. to Dismiss at 4.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Plaintiffs respond that defendants' motion should be denied because the amended complaint pleads the facts with sufficient particularity to support the claim of violation of § 1030(a)(2). Plaintiffs maintain that the evidence indicates that Allstate exceeded its authority when it obtained the credit reports in order to obtain information for use in litigation, which is a purpose not authorized by the Leblancs or Trans Union. The LeBlancs also contend that the authorization forms obtained by Allstate were intended to mislead the LeBlancs into believing that the credit reports would only be used for claims investigation, not for litigation. The LeBlancs argue, therefore, that if this Court accepts their factual allegations as true, sufficient facts have been pled which, if true, would support Allstate's **[\*5]** liability under § 1030(a).

## II. ANALYSIS

*HN1*When deciding a Rule 12(b)(6) motion to dismiss, a district court generally must assume all factual allegations are true and construe them liberally in favor of the nonmoving party. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). *HN2*A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 754 (quoting *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). However, *HN3*a motion to dismiss will not be defeated by conclusory allegations or legal conclusions presented as factual allegations. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

*HN4*When, as here, the nonmovant submits exhibits outside the pleadings and the district court considers them, the court must convert a motion to dismiss to a motion for summary judgment. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998), *reh'g denied* (1998); *Coblentz v. Glickman*, 2000 U.S. Dist. LEXIS 6716, 2000 WL 557345, at *1 (E.D. La. **[\*6]** May 5, 2000). *HN5*Summary judgment is appropriate if the evidence on file "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *HN6*When considering a summary judgment motion, a court must view all facts and inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). *HN7*If the evidence leads to only one reasonable conclusion, summary judgment is proper. *See id.* at 250.

*HN8*The Computer Fraud and Abuse Act is also known as the computer fraud statute and provides in pertinent part:

> Whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information contained in a financial record of a financial institution . . . or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.) shall be punished as provided in subsection (c) of this section.

18 U.S.C. § 1030 **[\*7]** (a)(2)(A). Circuit courts that have considered other provisions of the CFAA have recognized that *HN9* a violation of § 1030(a) requires that access be both unauthorized and intentional. *See U.S. v. Sablan*, 92 F.3d 865, 868 (9th Cir. 1996); *U.S. v. Morris*, 928 F.2d 504, 509 (2d Cir. 1991).

The Court has previously heard motions under Rules 12(b)(6) and 56 in this matter. The parties have conducted discovery and fully briefed the issues. Further, both the plaintiffs and defendants have attached exhibits to their respective pleadings. Accordingly, the Court will convert the instant motion to a motion for summary judgment.

In this case, the evidence already contained in the record conclusively demonstrates that Allstate's agents cannot have violated the computer fraud statute for two reasons. First, this Court has already determined that Allstate's procurement of the LeBlancs' credit reports was authorized through the written consent forms given by the plaintiffs to Allstate. See May 16, 2000 Order and Reasons. In *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 266 (5th Cir. 2000), the Fifth Circuit recognized that *HN10* when an insurer **[\*8]** obtains a credit report pursuant to written authorization by the insured, the Fair Credit Reporting Act's "permissible purpose" requirement is satisfied. The expansive terms of the written authorizations executed in this case are broad enough to include use of the reports in litigation.

Further, it is beyond dispute that at the time the plaintiffs' credit reports were obtained by Allstate, plaintiffs had not yet initiated the litigation in which they contend the reports were used. See Defs.' Ex. I. Even if the credit reports were used in the litigation (which plaintiffs instituted approximately nine months after the reports were obtained), that use necessarily occurred after the computer databases were accessed. That is, even if Allstate used the reports in litigation, Allstate could not have intentionally exceeded its authorization at the time the databases were accessed. Plaintiffs therefore cannot establish that Allstate intentionally exceeded its authority in obtaining plaintiffs' credit reports. Because plaintiffs cannot establish that Allstate's agents intentionally obtained information without authorization--essential elements of § 1030(a)--plaintiffs' claims under the CFAA **[\*9]** must fail.

Plaintiffs asserted in oral argument and in supplemental memoranda that Allstate's use of Trans Union's computer databases exceeded access authorized by Trans Union, without regard to what the LeBlancs may have authorized. Plaintiffs assert this claim under 18 U.S.C. § 1030(g), claiming that Allstate exceeded the access which Trans Union authorized to its database. However, the Court finds that plaintiffs' own evidence demonstrates that Trans Union's authorization was not exceeded. The Reseller Service Agreement, filed under seal by plaintiffs, provides that Trans Union permits the provision of consumer reports when those reports are obtained "in connection with the written consent of the consumer." Pls.' Supp. Docs. at 1-2. This contract establishes that Allstate procured the LeBlancs' credit reports, which were obtained pursuant to the plaintiffs' written authorizations, in accordance with Trans Union's authorization.

## III. CONCLUSION

After considering the memoranda, the record, and the applicable law, the Court finds that defendants are entitled to judgment dismissing plaintiffs' second amended complaint. For the foregoing reasons, defendants' **[\*10]** motion is GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs' claims under 18 U.S.C. § 1030 of the Computer Fraud and Abuse Act are HEREBY DISMISSED.

Done this 22 day of June, 2000,
New Orleans, Louisiana.

Eldon E. Fallon

**UNITED STATES DISTRICT JUDGE**