**EXHIBIT C**

Westlaw.

Not Reported in F.Supp.                                                                                                           Page 1

Not Reported in F.Supp., 1987 WL 15690 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

c
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Cynthia JOHNSON, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.
**Civ. A. No. 87-0300.**

July 31, 1987.

*MEMORANDUM OPINION*

NORMA HOLLOWAY JOHNSON, District Judge.
**\*1** Plaintiff Cynthia Johnson brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and 2671 *et seq.,* to recover damages for an alleged sexual assault upon her on February 17, 1986, by two St. Elizabeth's Hospital Security Officers, Percival A. Frost and Melvin L. Canady. Frost and Canady have also been named as defendants and jurisdiction over the claims against them is predicated upon the diversity statute, 28 U.S.C. § 1332.[FN1] The case is presently before the Court on the motion of the United States to dismiss for lack of subject matter jurisdiction and failure to state a claim. The United States contends that the complaint fails to allege facts sufficient to meet the FTCA's requirement that a government employee's tortious act be committed "while acting within the scope of his office or employment". 28 U.S.C. § 1346(b). Having considered the motion, plaintiff's opposition thereto, the parties' respective legal memoranda, the argument of counsel heard in open court, and the record herein, the Court concludes that it is without jurisdiction over the claims against the United States for the reasons advanced by that defendant, that there is no diversity of citizenship between plaintiff and the individual defendants, and that the complaint must therefore be dismissed as to all defendants.

The FTCA confers upon the district courts

exclusive jurisdiction over claims for money damages against the United States for

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). While willful and malicious misconduct is generally not actionable under the FTCA, Congress has specifically provided that section 1346(b) shall apply to the intentional torts of federal law enforcement officers, including claims arising out of an alleged assault and battery. 28 U.S.C. § 2680(h). The latter provision, however, does not eliminate section 1346(b)'s scope of employment requirement, and a plaintiff seeking to maintain an action against the United States arising out of an assault and battery by a federal law enforcement officer must therefore allege facts sufficient to show that the officer's tortious act was committed while he was "acting within the scope of his office or employment". 28 U.S.C. § 1346(b); *Hoston v. Silbert,* 681 F.2d 876 (D.C.Cir.1982). Whether particular acts are within the scope of an employee's federal employment is ultimately a legal question and is dependent upon an analysis of the facts under the law of the jurisdiction where the tort occurred. *Hoston, supra,* at 879. Under the District of Columbia law of *respondeat superior,* an employer may be held vicariously liable for the intentional torts of his employee only where the employee's tortious act grew out a foreseeable job-related controversy and was motivated at least in part by a purpose to serve his principal. *International Distributing Corp. v. American District Telegraph Co.,* 569 F.2d 136 (D.C.1977); *Lyon v. Carey,* 533 F.2d 649 (D.C.Cir.1976).

**\*2** Plaintiff's complaint must be dismissed because it does not allege any facts which, if proved, would

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1987 WL 15690 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

satisfy these criteria and thus establish vicarious liability on the part of the United States for the acts of defendants Frost and Canady. The complaint contains no factual allegations indicating that the sexual assault upon plaintiff grew out of any foreseeable job-related encounter; nor does it contain allegations indicating that the actions of the individual defendants were motivated in any manner by a purpose to serve their principal. It is not generally foreseeable that a security guard will sexually assault a passerby.[FN2] Indeed, the only allegations in the instant complaint pertaining to scope of employment are conclusory ones. [FN3] These allegations are plainly insufficient to meet the jurisdictional requirement of section 1346(b) of the FTCA. The only conclusion that can fairly be drawn from the allegations of the complaint in this case is that the individual defendants' assault upon plaintiff was simply a personal adventure committed solely for the purpose of gratifying their own desires. Such conduct is outside of the scope of their employment and consequently not actionable under the FTCA. Moreover, since claims arising out of an excluded cause of action are barred under the FTCA, plaintiff's claim against the United States for negligent hiring and supervision must also be dismissed for lack of jurisdiction. *United States v. Shearer,* 473 U.S. 52 (1985).

It further appears that dismissal of plaintiff's claims against the individual defendants is appropriate as diversity jurisdiction is lacking. Defendant Frost is and was, at the time of the filing of this action, a resident and citizen of the District of Columbia, as is plaintiff.[FN4] Furthermore, in light of the dismissal of the complaint against the United States, exercise of pendent jurisdiction over the claims against Frost and Canady is unwarranted.

For the foregoing reasons, the motion of the United States to dismiss must be granted and the complaint dismissed as to all defendants. An appropriate Order will be entered together with this Memorandum Opinion.

*ORDER*

Upon consideration of the motion of the United

States to dismiss the above-captioned action for lack of subject matter jurisdiction and failure to state a claim, plaintiff's opposition thereto, the parties' respective legal memoranda, and the record herein, and it appearing that dismissal as to all defendants is warranted for the reasons stated in the accompanying memorandum opinion, it is this 31st day of July, 1987,

ORDERED that the motion of the United States to dismiss be, and hereby is, granted; and it is further

ORDERED that the complaint be, and hereby is, dismissed as to all defendants for lack of subject matter jurisdiction.

FN1. The complaint is in three "counts" and presents claims for assault and battery, intentional infliction of emotional distress, and negligent hiring and supervision. The latter claim is asserted only against the United States.

FN2. *See* complaint at ¶ 11 ("On or about February 17, 1986, at approximately 8:45 p.m., Plaintiff was walking in the immediate vicinity of St. Elizabeths Hospital when she was forcibly detained and abducted by Defendants Frost and Canady.").

FN3. *See* complaint at ¶¶ 14 and 15 ("At all times pertinent hereto, Defendants Frost and Canady were employees, servants, and agents of Defendant USA, ... [and] were acting within the scope, and in the due course, of their duties as employees, servants, and agents of Defendant USA.").

FN4. *See* answer of defendant Frost at ¶¶ 5 and 9.

D.D.C.,1987.
Johnson v. U.S.
Not Reported in F.Supp., 1987 WL 15690 (D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.