# United States District Court
# For the District of Columbia

BUTERA & ANDREWS,
            Plaintiff

v.                                              1:06cv00647(RBW)

INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,
            Defendants

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND REQUEST FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff's Exhibit 3

1



Not Reported in F.Supp.2d                                                                                                  Page 1

Not Reported in F.Supp.2d, 2004 WL 2904405 (W.D.N.C.)

(Cite as: 2004 WL 2904405 (W.D.N.C.))

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. North Carolina.
ALVIS COATINGS, INC., Plaintiff,
v.
JOHN DOES ONE THROUGH TEN, Defendants.
No. 3L94 CV 374-H.

Dec. 2, 2004.

Jason M. Sneed, Alston & Bird, LLP, Charlotte, NC, for Plaintiff.

John T. Herman, Berkley, MI, for Defendants.

*MEMORANDUM AND ORDER*

HORN, Magistrate J.

*1 THIS MATTER is before the Court on Defendant John Doe One's "Motion to Quash Subpoena" and "Brief in Support" (both document # 5), filed October 25, 2004; and the Plaintiff's "Response ..." (document # 6) filed November 8, 2004. The Defendant has not filed a reply in support of his motion and the time for filing a reply brief has expired.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will *deny* Defendant John Doe One's "Motion to Quash Subpoena" (document # 5), as discussed below.

I. *FACTUAL AND PROCEDURAL BACKGROUND*
This is an action seeking damages and equitable relief under the Lanham Act, 15 U.S.C. § 1125(a), *et. seq.,* as well as state law claims for unfair and deceptive trade practices, unfair competition, tortious interference with business relations, and defamation.

The Plaintiff, Alvis Coatings, Inc., is a **North Carolina** corporation with its principal office in Mecklenburg County, **North Carolina,** that markets coating products for commercial and residential purposes, including permanent coatings sold under the "ALVIS Spray-On Siding" trademark.

The Plaintiff alleges that beginning sometime in 2003, anonymous individuals began posting on Internet websites, most notably, *www.bobvila.com* and *www.oldhouse.com,* messages concerning the Plaintiff, its products, and employees that were false and disparaging.

Related to the instant motion, 16 messages posted on *www.bobvila.com* originated from a single source, IP address 68.62.45.214. Among other things, the unidentified author posted messages naming several of Plaintiff's officers and dealers and identifying them as "criminals" and stating that Plaintiff's products are no more than normal paint, that is, that "the Alvis product is Duron's Siding in a Can, privately labeled by Alvis." Craig Hartman, the Plaintiff's Chief Operating Officer avers to the contrary that ALVIS Spray-On Siding is manufactured for the Plaintiff by a company other than Duron, and that it "is not ordinary paint, but rather is a thick coating with a high solids content including a high content of polymers and resins."

On July 30, 2004, the Plaintiff filed this action against ten then-unidentified authors of various Internet messages, stating claims under the Lanham Act, as well as state law claims for unfair and deceptive trade practices, unfair competition, tortious interference with business relations, and defamation.

The same day, the Plaintiff filed its "Emergency

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 2

Not Reported in F.Supp.2d, 2004 WL 2904405 (W.D.N.C.)

**(Cite as: 2004 WL 2904405 (W.D.N.C.))**

Motion for Leave to Conduct Limited Expedited and Preliminary Discovery" (document # 3), seeking leave, among other things, to serve subpoenas *duces tecum* upon the message board operators at www.bobvila.com and www.oldhouse.com in order to identify the anonymous authors of the allegedly defamatory statements.

On August 27, 2004, the undersigned *granted* the Plaintiff's motion, that is, the Court permitted the Plaintiff to conduct limited discovery for the purposes of identifying potential Defendants, determining their location and legal status, and preserving evidence necessary for trial. *See* "Order" (document # 4).

*2 It is undisputed that in response to an initial set of subpoenas *duces tecum*, www.bobvila.com and www.oldhouse.com identified specific Internet Service Providers ("ISPs") from which the specified messages originated, along with the numerical code identifying the specific computer or IP address from which each message was authored, including the 16 messages, discussed above, that were posted on www.bobvila.com and originated from a single source, IP address 68.62.45.214.

On September 30 and October 11, 2004, respectively, the Plaintiff served additional subpoenas *duces tecum* on two of the identified ISPs, Roadrunner and Comcast IP Services ("Comcast"), directing them to provide documents sufficient to identify the name, address, and telephone number of the individuals corresponding to the specific IP addresses disclosed by www.bobvila.com and www.oldhouse.com. Subsequently, Roadrunner, through its subsidiary Bright House Networks, provided information sufficient to identify the authors of messages posted through its network.

Comcast informed the Plaintiff, however, that it would not respond to the subpoena absent a court order and that it was notifying the customer who was the subject of the subpoena, that is, the anonymous author of the 16 messages discussed above and who the Court and the parties refer to for these purposes as "Defendant John Doe One."

On October 25, 2004, and through counsel, Defendant John Doe One filed his Motion to Quash the subpoena to Comcast, contending solely that requiring Comcast to disclose his identity to the Plaintiff would violate his right under the First Amendment to the U.S. Constitution to engage in anonymous free speech.

In its Response, the Plaintiff requests that the Court compel Comcast to respond to the subpoena *duces tecum*. [FN1]

> FN1. As well as serving its Response upon Defendant John Doe One, the Plaintiff served Comcast, which has not filed a Motion to Quash or a brief disputing the Plaintiff's version of events.

The Defendant's motion has been briefed as discussed above and is, therefore, ripe for determination.

II. *DISCUSSION*
Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *and Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Generally, the resolution of discovery disputes, that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 3
Not Reported in F.Supp.2d, 2004 WL 2904405 (W.D.N.C.)
(Cite as: 2004 WL 2904405 (W.D.N.C.))

is, whether to grant or deny a motion to compel or, in this case, whether to quash a party's subpoena *duces tecum*, is generally left within the district court's broad discretion. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir.1988) (noting district court's substantial discretion in resolving motions to compel); *and LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir.1986) (same). However, regarding cases such as this which involve a mixed question of law and fact, the Fourth Circuit conducts *de novo* review. *Accord Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir.1999); *and In re Grand Jury Proceedings*, 33 F.3d 342, 353 (4th Cir.1994).

*3 As the Plaintiff concedes in its brief, the Supreme Court has recognized that the right to speak anonymously is protected under the First Amendment to the Constitution. *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 119 S.Ct. 636, 142 L.Ed.2d 599 (1999) (invalidating a Colorado statute that required initiative petition circulators to wear identification badges); *McIntyre v. Ohio Election Comm.*, 514 U.S. 334, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995) (overturning an Ohio law that prohibited the distribution of campaign literature that did not contain the name and address of the person issuing the literature); *and Talley v. California*, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960) (invalidating a California statute prohibiting the distribution of any handbill that did not contain the name and address of the person issuing the literature).

However, it is equally well settled that the First Amendment does not protect false commercial speech. *See Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 563, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) (the First Amendment, while offering protection to truthful commercial speech, does not protect false or misleading commercial speech); *Gerz v. Robert Welch, Inc.*, 418 U.S. 323, 340, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) ( "[u]ntruthful speech, commercial or otherwise, has never been protected for its own sake"); *Rosenblatt v. Baer*, 383 U.S. 75, 86, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966) (Supreme Court acknowledged the "important social values which underlie the law of defamation," and recognized that "[s]ociety has a pervasive and strong interest in preventing and redressing attacks upon reputation"); *and New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

The parties have not cited, and the undersigned is unaware of, any controlling precedent considering whether an anonymous Internet speaker is entitled to maintain his anonymity in the face of allegations that his statements falsely impugned a federally-registered trademark or otherwise disparaged the complaining party's business. However, courts that have considered similar issues have concluded that where a plaintiff makes a prima facie showing that an anonymous individual's conduct on the Internet is otherwise unlawful, the plaintiff is entitled to compel production of his identity in order to name him as a defendant and to obtain service of process. *See, e.g., John Doe v. 2themart.com. Inc.*, 140 F.Supp.2d 1088, 1094-95 (W.Dist.Wash.2001) (subpoena enforced where it was issued in good faith and the identity of the anonymous Internet author was unavailable from any other source); *Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 589 (N.D.Cal.1999) (anonymous creator of Internet website address that was identical to the plaintiff's federally-registered trademark was not entitled to maintain his anonymity in an effort to avoid service of process); *and In re Subpoena Duces Tecum to America Online, Inc.*, 52 Va. Cir. 26, 30 (Va. Cir. Ct.2000) (plaintiff entitled to subpoena identity of anonymous author of allegedly-false Internet statements).

*4 Applying these legal principles, the Plaintiff is entitled to compel the production of Defendant John Doe One's identity and, accordingly, his Motion to Quash will be *denied*. Indeed, the Defendant does not dispute that he is, in fact, the author of the statements of which the Plaintiff complains, and Mr. Hartman has credibly averred that the statements

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 4
Not Reported in F.Supp.2d, 2004 WL 2904405 (W.D.N.C.)
(Cite as: 2004 WL 2904405 (W.D.N.C.))

are both false and damaging to the Plaintiff's trademark and to its business generally. Accordingly, the Plaintiff is entitled to compel production of the Defendant's identity in order to name him as a party in this action and to obtain service of process upon him.

III. *ORDER*
NOW, THEREFORE, IT IS ORDERED:

1. Defendant John Doe One's "Motion to Quash Subpoena" (document # 5) is DENIED.

2. On or before January 10, 2005, Comcast IP Services shall fully respond to the subpoena *duces tecum* first issued by the Plaintiff on October 11, 2004.

3. Each party shall bear its own cost.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; *and to Matthew Molseki, Network Abuse/Policy Observance Agent, Comcast IP Services, 1800 Bishops Gate Boulevard, Mt. Laurel, New Jersey, 08054.*

SO ORDERED

Not Reported in F.Supp.2d, 2004 WL 2904405 (W.D.N.C.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 544112 (Trial Pleading) Amended Complaint (Feb. 23, 2005)

• 2005 WL 544113 (Trial Pleading) Motion to Add a Plaintiff, Substitute a Defendant, Amend the Complaint and for Issuance of a Summons, and Supporting Memorandum (Feb. 23, 2005)

• 2004 WL 2789368 (Trial Motion, Memorandum and Affidavit) Response of Alvis Coatings, Inc. to Motion to Quash Subpoena, and Motion to Compel Comcast's Response to Subpoena (Nov. 08, 2004)

• 2004 WL 2789367 (Trial Motion, Memorandum and Affidavit) Motion to Quash Subpoena (Oct. 20, 2004)

• 2004 WL 2236394 (Trial Pleading) Complaint (Jul. 30, 2004)

• 2004 WL 2789366 (Trial Pleading) Complaint (Jul. 30, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.