# EXHIBIT D

## BUTERA & ANDREWS
ATTORNEYS AT LAW
1301 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-1701

HTTP://WWW.BUTERA-ANDREWS.COM

TELEPHONE
(202) 347-6875

FACSIMILE
(202) 347-6876

May 31 2006

BY FACSIMLIE TRANSMISSION

GEOFFREY S. IRWIN
Jones Day
51 Louisiana Avenue N.W.
Washington, D.C. 20001-2113

    Butera & Andrews v. IBM
    06CV00647

Dear Mr. Irwin:

  Reference is made to our recent conversations regarding the need to preserve potential evidence in this case. My understanding is that IBM has agreed to notify users/owners of machines connected to certain suspect IP addresses that these machines may become involved in litigation discovery and that no logs, use records or other records of machine activity (including those that may be present on hard drives) should be altered or destroyed while this lawsuit is pending.

  As discussed, the plaintiff will not insist on notification to those machines or devices which serve as routing optimizers. However, our experts tell me that only IBM can determine which machines serve in this capacity and it is there recollection that they were informed that such activity was present on only 6 to 10 machines in their prior discussion with IBM technical staff.

  I now have a list of suspect IP addresses. This list is attached. It contains 82 unique IP addresses. It is my understanding that the list has previously been supplied to the technical people at IBM in the pre-complaint period and was compiled from the analysis of the server of the Butera & Andrews' client which generated the 40,000+ port scans during 2005. In addition, we would add the following numbers which we believe were involved in the DNS attack on the security people in November of 2005 and which are registered to IBM: 170.224.68.48; 170.224.68.49 and 170.224.68.50

BUTERA & ANDREWS

May 31 2006
GEOFFREY S. IRWIN
    Butera & Andrews v. IBM
    06CV00647

    Please advise at your convenience what steps IBM will undertake as notification and the language to be used. Thank you for your assistance in this matter.

                                  Sincerely,

                                  Dennis M. Hart

BUTERA & ANDREWS

```
170.224.10.155
170.224.10.179
170.224.10.94
170.224.100.7
170.224.100.8
170.224.103.206
170.224.105.162
170.224.105.163
170.224.105.164
170.224.105.188
170.224.107.78
170.224.108.81
170.224.13.100
170.224.13.101
170.224.13.102
170.224.13.168
170.224.13.57
170.224.14.144
170.224.14.64
170.224.17.153
170.224.17.165
170.224.17.50
170.224.176.49
170.224.176.50
170.224.186.233
170.224.186.36
170.224.19.5
170.224.190.200
170.224.20.167
170.224.20.190
170.224.21.210
170.224.21.230
170.224.21.99
170.224.224.101
170.224.224.103
170.224.224.105
170.224.224.106
170.224.224.109
170.224.224.133
170.224.224.135
170.224.224.137
170.224.224.138
170.224.224.141
170.224.224.69
170.224.224.71
170.224.224.73
170.224.224.74
170.224.224.77
170.224.230.40
```

```
170.224.250.34
170.224.33.17
170.224.33.18
170.224.33.19
170.224.36.5
170.224.39.72
170.224.39.9
170.224.4.200
170.224.4.200
170.224.41.149
170.224.41.67
170.224.5.39
170.224.5.40
170.224.5.43
170.224.5.48
170.224.5.52
170.224.5.53
170.224.56.80
170.224.56.85
170.224.68.53
170.224.68.57
170.224.69.110
170.224.69.19
170.224.69.85
170.224.69.86
170.224.7.216
170.224.70.207
170.224.70.210
170.224.70.211
170.224.8.104
170.224.8.51
170.224.8.61
170.224.8.62
```

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3768
gsirwin@jonesday.com

June 1, 2006

<u>VIA E-MAIL</u>

Dennis M. Hart, Esq.
Butera & Andrews
1301 Pennsylvania Avenue, NW
Washington DC 20004-1701

Dear Dennis:

Thank you for your letter yesterday. While I am pleased that we have made progress on some of your discovery requests, I must clarify a few points about our agreement.

First, I should stress that IBM does not intend to inject itself into the middle of this issue by instructing its customers on their evidentiary retention obligations or to vouch for their compliance. As we have previously discussed, setting aside the route optimization machines (which we are in agreement may be excluded for purposes of this exercise), the remaining IP addresses at issue here are operated by third party customers of IBM and are tied to computers located all over the country. Because we do not control these machines or their logging procedures, we have simply agreed to contact the customers in question and inquire into the potential existence of logs or activity records for the specific time period covered by your complaint, i.e. October and November, 2005.

Unfortunately, there may not be customers who have logs from that time, and for that reason I do not think it makes sense to decide now how to proceed with respect to any that do. If we learn that one or more such customers actually has this information, we can talk about next steps and how you can secure such protection for yourself. I am simply suggesting that we cross that bridge if and when we get there.

Second, as we also discussed, IBM is not prepared to ask its customers to alter their prospective logging procedures. I thought we were in agreement on this point, but I am concerned that your statement that "no logs, use records, or other records of machine activity ... should be altered or destroyed while this lawsuit is pending" could be construed to impose an indefinite logging obligation on our customers going forward. I believe that this would be unreasonably burdensome and unwarranted, particularly given that the 85 IP addresses in your letter and on your attached list are not addresses from which you have claimed any attacks on B&A's own computer systems, which is of course the subject of the litigation.

JONES DAY

Dennis M. Hart, Esq.
June 1, 2006
Page 2

      Finally, thank you for the list of IP addresses. If we are able to reach agreement on these basic terms, we are prepared to begin identifying customers and contacting them right away.

                                Very truly yours,

                                Geoffrey S. Irwin

cc:    Mary Ellen Powers

**BUTERA & ANDREWS**
ATTORNEYS AT LAW
1301 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-1701

TELEPHONE
(202) 347-6875

HTTP://WWW.BUTERA-ANDREWS.COM

FACSIMILE
(202) 347-6876

June 13, 2006

BY FACSIMLIE TRANSMISSION

GEOFFREY S. IRWIN
Jones Day
51 Louisiana Avenue N.W.
Washington, D.C. 20001-2113

      Butera & Andrews v. IBM
      06CV00647

Dear Mr. Irwin:

  Thank you for your letter of June 1, 2006. I believe that it is a positive first step, but would be remiss if I were to let the record stand without the following observations:

  Plaintiff has no reason to doubt your good faith in the assertion that IBM does not control machines linked to the 82 IP addresses. Nevertheless, we do not want to be viewed as in agreement with that view by our participation in this effort. We remain of the view that IBM does have some control over all of the equipment to a greater or lesser degree depending on contractual relationships that have yet to be discovered. That control may or may not include logging or access to logs. Plaintiff is not in a position to know these facts until formal discovery commences. At the present time we will have to take the word of IBM on that situation.

  We agree that non destruction of logs for any period after January 1, 2006, would be unwarranted and Plaintiff does not insist that the time for preservation include any date after January 1. We would, however, remind you that the port scans from the Plaintiff's client that form part of the claim for IBM involvement took place over the period of January 1, 2005 through December 31, 2005. I believe that these dates have previously been supplied to your technical people in the pre-complaint discussions. It remains the belief of the plaintiff that a cross match for logs (if they exist) from that period with the known port scans of the Butera & Andrews' client may reveal the identity of the person who initiated the unauthorized server entry that is the basis for this lawsuit. Thus, we would ask for expansion of your time period for log inquires to include the 12 calendar months of 2005.

**BUTERA & ANDREWS**

June 13, 2006
GEOFFREY S. IRWIN
    Butera & Andrews v. IBM
    06CV00647

    While we would prefer a more direct approach as originally proposed, we appreciate your efforts at this first step. I trust you will advise us when the process has started and the results of your inquires. Thank you for your assistance in this matter.

Sincerely,

Dennis M. Hart

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3768
gsirwin@jonesday.com

June 13, 2006

<u>VIA E-MAIL</u>

Dennis M. Hart, Esq.
Butera & Andrews
1301 Pennsylvania Avenue, NW
Washington DC 20004-1701

Dear Dennis:

Thanks for your letter this morning. We agree that we will ask our customers to determine if they have data from any time in calendar year 2005. And while I understand that you are not necessarily agreeing that IBM does not control the computers at issue, at the same time, IBM's participation in this exercise is not, and should not be construed as, an acknowledgment of control over or a right to access the data you seek, nor as a concession that this data has any relevance to Butera & Andrews' claim. IBM is making these requests of its customers as an accommodation to you and in an effort to avoid the need for discovery motions before its motion to dismiss is decided.

Very truly yours,

Geoffrey S. Irwin

cc: Mary Ellen Powers