# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1837030 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
    United States District Court,E.D. Pennsylvania.
           Tina Marie SHAUP, Plaintiff
                        v.
         JACK D'S, INC., et al., Defendants
                 No. Civ.A. 03-5570.

                   Aug. 17, 2004.

Jeffrey R. Elliott, Kozloff Stoudt, Wyomissing, PA, for Plaintiff.
Sean M. Hart, Heimbach Spitko & Heckman, Allentown, PA, for Defendants.

              *MEMORANDUM AND ORDER*

MCLAUGHLIN, J.
*1 Tina Marie Shaup asserts claims under Title VI and various Pennsylvania laws for sexual harassment against her employer, Jack D's Inc., t/a Jack D's Restaurant and Banquet Hall ("Jack D's"), Jack D's owner, Giacomo DiMaio ("Mr.DiMaio"), and Mr. DiMaio's wife, Leslie DiMaio ("Ms.DiMaio "). The defendants move to dismiss portions of the second amended complaint ("operative complaint"). The Court will grant the motion.

Ms. Shaup was employed by defendant Jack D's as a waitress from January 28, 2003 through February 13, 2003. She was continuously subjected to unwelcome sexual advances, touches, and comments by Mr. DiMaio, and by two male co-workers, Gaspare DiMarco and Corey Cummings.

Mr. DiMaio and DiMarco made unwelcome sexual comments to Shaup. Cummings is alleged to have made several extremely lewd comments and suggestions. The plaintiff alleges that she complained of the behavior to both Mr. DiMaio and Ms. DiMaio in their capacities as corporate officers.

The DiMaios did nothing in response. On February 12, 2003, the plaintiff came to the restaurant to help a female co-worker who had allegedly been raped by DiMarco. Mr. DiMaio confronted the plaintiff when she arrived and asked why she was at the restaurant. Ms. Shaup was fired the next day.

The plaintiff filed suit bringing claims under Title VII, and alleged that the corporate defendant is merely an alter ego of the individual defendants. The plaintiff also brought state law claims for wrongful termination, intentional infliction of emotional distress ("IIED"), negligence, and violations of the Pennsylvania Human Relations Act ("PHRA").

The defendants moved to dismiss the action. On June 8, 2004, the Court granted the motion in part, dismissing the Title VII claims against Mr. and Ms. DiMaio in their individual capacities, the wrongful termination and negligence claims as to all defendants, and the IIED claim as to Ms. DiMaio.

On June 24, 2004, the plaintiff filed the second amended complaint. The operative complaint asserts causes of action under Title VII for sexual harassment (Count I) and gender discrimination (Count II), for IIED against the individual defendants Mr. and Ms. DiMaio, and Jack D's, on a theory of respondeat superior (Count III), and against all the defendants [FN1] for a violation of the PHRA (Count IV).

> FN1. The complaint lumps all the defendants together, so Counts III and IV may fairly be read to assert those claims against Leslie DiMaio.

The defendants now move to dismiss the complaint with respect to the IIED claim against Jack D's, arguing that respondeat superior does not apply in these circumstances. The defendants also moved to dismiss the PHRA claim as to Ms. DiMaio in her

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2004 WL 1837030 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

individual capacity. Before filing her response, the plaintiff stipulated to the dismissal of the IIED and PHRA claims as to Ms. DiMaio. The defendants' motion with respect to dismissing the IIED claim against Ms. DiMaio has, therefore, been resolved. The only issue for the Court to decide is whether the IIED claim may proceed against Jack D's on a theory of respondeat superior.

**\*2** In Pennsylvania, an employer may be held liable for the torts of its servants only if that conduct falls within the servant's scope of employment. *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1276 (3d Cir.1979). This applies to intentional conduct as well as negligent conduct. *Costa v. Roxborough Mem. Hosp.,* 708 A.2d 490, 493 (Pa.Super.Ct.1998) (citing Restatement (Second) of Agency § 228). Conduct of a servant is not within the scope of employment if its is "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Lezotte v. Allegheny Health Educ. and Research Found.,* No. 97-4959, 1998 U.S. Dist. LEXIS 6119, \*13-\*15 (E.D.Pa. May 1, 1998). If the facts fail to support a reasonable inference that the employee was acting in furtherance of his employer's business, the servant's conduct falls outside the scope of his employment as a matter of law. *Id.*

The complaint makes no allegations that the lewd comments and unwelcome sexual advances were in any way in furtherance of the employer's business, which is to serve and prepare food and drink to restaurant patrons. Even though an officer of the company, Mr. DiMaio, was involved in the harassment, there is no allegation that it was part of the employer's policy or plan, or that Mr. DiMaio, as a corporate officer, directed the other co-employees to harass the plaintiff. The harassment that is the basis of the IIED claim was motivated for reasons personal to the plaintiff. Thus, the harassing conduct that inflicted the emotional distress falls outside the scope of the employees' employment. Jack D's cannot be held vicariously liable for this conduct.

The plaintiff argues that the cases that have precluded respondeat superior liability for an employees's intentional torts deal only with violent assaults and batteries, and not sexual harassment. Nothing in the cases, however, limits this result to violent assault. There are in fact cases precluding vicarious liability for intentional torts other than violent assaults. *See Ceesay v. Miller, Mason & Dickenson,* No. 90-2800, 1990 U.S. Dist. LEXIS 10876, \*6 (E.D.Pa. Aug. 15, 1990) (holding that there is no vicarious liability for IIED if it is not preempted by Pennsylvania Worker's Compensation Act ("PWCA")); *see also Sofia v. McWilliams,* No. 01-5394, 2003 U.S. Dist LEXIS 5622, \*51-\*53 (E.D.Pa. Mar. 31, 2003) (applying analogous N.J. tort law, which like PA has adopted Restatement (Second) of Agency § 228, to find acts of sexual harassment, in addition to alleged battery, outside scope of employment).

The plaintiff also argues that other "courts have allowed claims of Intentional Infliction of Emotional Distress to proceed, provided that they could be shown not to be pre-empted by the [Pennsylvania Worker's Compensation Act]." The plaintiff, however, provides no argument for why such a claim survives against the employer as well as the employee whose conduct gave rise to the claim. Indeed, *Ceesay* held both that (1) an IIED claim based on an employees' remarks disparaging a plaintiff's race and gender was not preempted by the PWCA because it was motivated by personal animus, and (2) that, therefore, the employer could not be held liable for the IIED claim under a theory of respondeat superior because the employees' actions fell outside the scope of his employment. *Ceesay,* 1990 U .S. Dist. LEXIS 10876, \*6, \*17-\*19 (holding that intentional torts that survive PWCA preemption necessarily cannot be asserted against an employer via respondeat superior); *see also Lezotte,* 1998 U.S. Dist. LEXIS 6119 at \*6-\*7 (same).

**\*3** The Court, therefore, shall dismiss the IIED claim as to Jack D's.

An appropriate Order follows.

*ORDER*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3

Not Reported in F.Supp.2d, 2004 WL 1837030 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

AND NOW, this 17th day of August, 2004, upon consideration of the defendants' Motion to Dismiss the Second Amended Complaint (Docket No. 22), and the plaintiff's opposition thereto, IT IS HEREBY ORDERED that said motion is GRANTED. The Intentional Infliction of Emotional Distress count as to the defendant Jack D's is dismissed for the reasons stated in a memorandum of today's date.

E.D.Pa.,2004.
Shaup v. Jack D's, Inc.
Not Reported in F.Supp.2d, 2004 WL 1837030 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2718796 (Trial Pleading) Defendants' Answer to Plaintiff's Second Amended Complaint With Affirmative Defenses (Aug. 2004)
• 2004 WL 2718795 (Trial Motion, Memorandum and Affidavit) Reply of Plaintiff in Opposition to Motion to Dismiss Second Amended Complaint (Jul. 23, 2004)
• 2004 WL 2718792 (Trial Motion, Memorandum and Affidavit) Order (Jul. 2004)
• 2004 WL 2718789 (Trial Motion, Memorandum and Affidavit) Sur-Reply Brief of Plaintiff, Tina Marie Shaup, in Opposition to Motion to Dismiss and Motion to Strike of Defendants (Feb. 9, 2004)
• 2004 WL 2718784 (Trial Motion, Memorandum and Affidavit) Reply of Plaintiff, Tina Marie Shaup, in Opposition to Motion to Dismiss and Motion to Strike of Defendants (Jan. 15, 2004)
• 2004 WL 2718787 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Brief (Jan. 2004)
• 2003 WL 23906531 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) and Motion to Strike Pursuant to Fed.R.Civ.P. (12)(f) (Dec. 2003)
• 2:03cv05570 (Docket) (Oct. 06, 2003)
• 2003 WL 23906521 (Trial Pleading) Complaint (2003)
• 2003 WL 23906526 (Trial Pleading) Amended Complaint (2003)
• 2003 WL 23906543 (Trial Pleading) Second Amended Complaint (2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.