# EXHIBIT I

Westlaw.

Not Reported in F.Supp.2d                                                                                     Page 1
Not Reported in F.Supp.2d, 2000 WL 34012862 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
SINCLAIR NATIONAL BANK, Plaintiff,
v.
OFFICE OF THE COMPTROLLER OF THE CURRENCY, et al., Defendants.
**No. 00-2398 HHK/DAR.**

December 18, 2000.

Trial Order

Memorandum and Order

*1 This action was referred to the undersigned United States Magistrate Judge for resolution of the parties' discovery disputes. Two motions are pending for determination by the undersigned: (1) Plaintiff's Motion for Expedited Discovery (Docket No. 5), and (2) Defendants' Motion for Protective Order (Docket No. 13). For the reasons set forth herein, plaintiff's motion for expedited discovery will be denied, and defendants' motion for protective order will be granted.[FN1]

> FN1. A third motion, plaintiff's Motion to Shorten Time to Respond to Plaintiff's Motion for Expedited Discovery)(Docket No. 4), will be denied as moot.

BACKGROUND

Plaintiff, a national bank, seeks judicial review of action taken by certain local and regional officials of the United States Office of the Comptroller of the Currency. In its Complaint, filed on October 4, 2000, plaintiff alleges, in pertinent part, that the officials "are engaged in racially-motivated conduct designed to close down Plaintiff's program of making funds available for consumer and affordable housing loans to a largely minority population of borrowers located in predominantly minority areas." Memorandum in Support of Plaintiff's Motion for Expedited Discovery ("Plaintiff's Memorandum") at 2. Plaintiff characterizes the discovery which it seeks as "highly limited, focused and expedited discovery in anticipation of an imminent need to seek emergency relief to preserve the *status quo* pending further proceedings in litigation." Plaintiff's Memorandum at 2; *see* Plaintiff's Memorandum at 4. Plaintiff maintains that expedited discovery is authorized by Rule 34(b) of the Federal Rules of Civil Procedure, and "is particularly appropriate where, as here, the plaintiff seeks injunctive relief." Plaintiff's Memorandum at 4-5.[FN2] Plaintiff acknowledges that it has not yet moved for a preliminary injunction. However, plaintiff states that it "will have to do so as defendants continue to threaten to change the status quo[,]" and that "[t]o do so, [i]t will require the information requested[.]" Plaintiff's Memorandum at 5.

> FN2. Plaintiff moves expedited discovery pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. *See* Plaintiff's Motion for Expedited Discovery at 1; Plaintiff's Memorandum at 4. Rule 34(b) provides, in pertinent part, that a request for production of documents "may not be served before the time specified in Rule 26(d)[,]" absent "leave of court or written stipulation." Plaintiff, by its motion, requests leave to serve requests for production of documents, as well as to take the depositions of the four individual defendants. However, plaintiff does not address the application of Rule 30(a)(2)(c), which provides, in pertinent part, that a party must obtain leave of the court to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2000 WL 34012862 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

Plaintiff's notices contain no such certification.

**\*2** Defendants oppose plaintiff's motion, and move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure staying discovery pending resolution of "the threshold issue of this Court's subject matter jurisdiction." Defendants' Opposition to Motion for Expedited Discovery and Motion in Support of Protective Order at 1-2. In the memorandum in opposition to plaintiff's motion and in support of their own motion, defendants proffer that on June 28, 2000, the Office of the Comptroller of the Currency initiated a "Part 30 process" by serving a Notice of Deficiency upon plaintiff in accordance with 12 U.S.C. § 1831p-1. Defendants' Memorandum in Opposition to Motion for Expedited Discovery and in Support of Motion for Protective Order ("Defendants' Memorandum") at 2. Defendants submit that with limited exceptions which are inapplicable here, 12 U.S.C. § 1818(i)(1) "expressly withdraws jurisdiction from federal courts 'to affect by injunction or otherwise' the issuance of enforcement of bank supervisory notices and orders, or 'to review, modify, suspend, terminate, or set aside' any such notice or order [.]" Defendants' Memorandum at 3. Defendants further submit that "[t]he absence of jurisdiction is purely an issue of law that cannot be affected by the results of the requested discovery."[FN3] Defendants' Memorandum at 4.

> FN3. Defendants state that "[t]he OCC intends to respond to the complaint by dispositive motion within the time permitted by the Federal Rules of Civil Procedure." Defendants' Memorandum at 4. Defendants filed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on November 30, 2000.

Defendants maintain that "[i]n the absence of jurisdiction, the injunction-like standards that the Bank asserts for expedited discovery ... are inapposite [,]" but that "even under those standards, the Bank fails to justify its motion." Defendants' Memorandum at 8. Specifically, defendants maintain that plaintiff's assertions of irreparable harm "are either speculative or made noncognizable by statute." Defendants' Memorandum at 8-9. Defendants suggest that "the balance of harms/public interest considerations have been dispositively resolved by [Congress'] insulation of the supervisory process from review." Defendants' Memorandum at 10.

Plaintiff, in its reply, principally maintains that "[d]efendants' opposition is based entirely on the mistaken premise that the OCC's conduct is statutorily immunized from judicial review." Plaintiff's Reply Memorandum in Support of its Motion for Expedited Discovery and in Opposition to Defendants' Motion for Protective Order ("Plaintiff's Reply") at 2. Plaintiff asserts that "[defendants'] jurisdictional objections are premature[,]" and that "[t]he question of whether any preliminary injunction sought by Plaintiff in the future would be subject to the application of 12 U.S.C. § 1818(i) must await the contours of such a motion and the context in which it is made." Plaintiff's Reply at 3. Plaintiff states that it "is seeking only to conduct limited, emergency discovery necessary to determine if preliminary relief of any type, including to preserve the status quo, is appropriate in the face of conduct that undeniably meets the test of being 'blatantly unlawful.'" Plaintiff's Reply at 3 (emphasis supplied).

**\*3** The undersigned heard the oral arguments of counsel at a hearing on November 9, 2000, and thereafter took plaintiff's motion for expedited discovery and defendants' motion for protective order under advisement. At the time of the hearing, plaintiff had not yet moved for a preliminary injunction, and no such motion has been filed as of this date. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is pending but is not yet ripe. [FN4]

> FN4. *See* n.3, *supra.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2000 WL 34012862 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

DISCUSSION

In 1982, another federal court observed that "[t]here is a dearth of law on the availability of expedited discovery to speed relief where compelling need is shown." *Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The standard articulated by that court is the one which continues to provide guidance in the determination of motions for expedited discovery. That standard is that

courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of?? success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch,* 95 F.R.D. at 405 (footnote omitted). While district courts have broad discretion with respect to discovery, and "[p]ublished opinions articulating a principled rule regarding when expedited discovery is appropriate are scare," a " growing body of case law" has adopted the four-prong test articulated by the court in *Notaro. Gucci America, Inc. v. Daffy's Inc.,* 2000 WL 1720738, at *5 (D.N.J.) November 14, 2000); *see, e.g., Irish Lesbian and Gay Organization v. Giuliani,* 918 F.Supp. 728, 730 (S.D.N.Y. 1996); *Crown Crafts, Inc. v. Aldrich,* 148 F.R.D. 151, 152 (E.D.N.C. 1993).

Upon consideration of the parties' written submissions, the oral arguments of counsel and the entire record herein, the undersigned finds that plaintiff has failed to show irreparable injury, an element of three of the four prongs of the *Notaro* standard. Plaintiff relies upon three affidavits in support of its motion. *See* Plaintiff's Memorandum, Exhibit A. The first of the three affidavits presents the affiant's characterization of plaintiff's efforts to respond to the concerns of the Office of the Comptroller of the Currency, and the seeming unreasonableness of the OCC's expectations.[FN5] The remaining two affidavits include references to a series of questions or comments attributed to OCC officials which, if accurately recounted in the affidavits, reasonably can be construed as racial or ethnic slurs.[FN6] However, none of the affiants identify any irreparable injury which will occur in the absence of expedited discovery. Instead, plaintiff offers only speculative references to any harm, and does not allege that any of the feared harm is imminent, or even has been threatened.[FN7] Simply put, these speculative and conclusory affidavits do not warrant a finding that plaintiff has shown any irreparable harm. *See Avo Multi-Amp Services Corp. v. Technical Diagnostic Services, Inc.,* 1998 WL 25568, at *1 (N.D. Tex. Jan. 14, 1998).

> FN5. "[I]n my twenty years of experience, I have never encountered such resistance and difficulty in working with regulatory personnel as with the OCC personnel in this situation." Affidavit of Gerri R. Dolan (Plaintiff's Memorandum, Exhibit A) (" Dolan Affi."), ¶ 8.

> FN6. For example, one affiant states that one individual defendant "read aloud names like 'Jose Cruz.' 'Gonzalez,' ' Shantern Jones' and 'Shawanda Juri' and then stated in my presence Doesn't anybody have normal names? Don't you lend to regular people?'" Affidavit of Corrine Elliott (Plaintiff's Memorandum, Exhibit A), ¶ 4.

> FN7. Indeed, one affiant states that plaintiff "was advised of the possible issuance of cease and desist order." Dolan Aff., ¶ 10. Plaintiff does not allege that such order has been issued, or that it has been advised that one will issue.

*4 Plaintiff fares no better in its effort to show some probability of success on the merits. Plaintiff relies on the same affidavits in support of its claim that " Defendants' actions are in flagrant violation of civil rights law and the constitutional protections provided by the Equal Protection and Due Process [clauses] of the Fifth Amendment." Plaintiff's Memorandum at 6. However, the defendants, relying upon 12 U.S.C. § 1818(i)(1), maintain that Congress has withdrawn jurisdiction from the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 4
Not Reported in F.Supp.2d, 2000 WL 34012862 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

federal courts with respect to actions of the type filed by plaintiff, and defendants' motion to dismiss for lack of subject matter jurisdiction pending. While plaintiff argues that the "blatantly illegal" or unconstitutional action it has alleged is an exception to the general preclusion of judicial review, plaintiff relies upon the conclusory allegations of the affidavits it submitted as the basis of its contention. In this circumstance, the undersigned has no basis upon which to conclude that plaintiff has demonstrated some probability of success on the merits. For the same reasons, the undersigned finds that good cause exists for the issuance of the protective order sought by defendants. *See Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999) (" Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *see Anderson v. United States Attorney's Office,* 1992 WL 159186, at * 1 (D.D.C. June 19, 1992); *Maljack Productions, Inc. v. Motion Picture Association of America,* 1990 WL 157900, at *1 (D.D.C. October 3, 1990) (discovery appropriately stayed where motion to dismiss is pending).

Accordingly, the undersigned finds that plaintiff has failed to demonstrate that any of the four *Notaro* factors are present. No authority provides, as plaintiff appears to suggest, that expedited discovery for the purpose of enabling a plaintiff to determine whether to seek a preliminary injunction is contemplated by Rule 26. *See* Plaintiff's Reply at 3. As plaintiff has failed to make "some prima facie showing of the need for the expedited discovery [,]" FN8 and a motion to dismiss for lack of subject matter jurisdiction is pending, plaintiff's motion will be denied, and defendants' motion will be granted.

> FN8. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000).

CONCLUSION

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion for Expedited Discovery (Docket No. 5) is DENIED; and it is

*5 FURTHER ORDERED that Defendants' Motion for Protective Order (Docket No. 13) is GRANTED, and that discovery herein is stayed pending the determination of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction; and it is

FURTHER ORDERED that plaintiff's Motion to Shorten Time to Respond to Plaintiff's Motion for Expedited Discovery (Docket No. 4) is DENIED AS MOOT.

D.D.C. 2000.
SINCLAIR NATIONAL BANK, Plaintiff, v. OFFICE OF THE COMPTROLLER OF THE CURRENCY, et al., Defendants.
Not Reported in F.Supp.2d, 2000 WL 34012862 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 2000 WL 34012861 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum in Support of Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Dec. 18, 2000)
• 2000 WL 34012860 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dec. 11, 2000)
• 2000 WL 34012859 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Nov. 30, 2000)
• 1:00CV02398 (Docket) (Oct. 04, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.