United States District Court
For the District of Columbia

BUTERA & ANDREWS,
          Plaintiff

v.                                                                                          1:06cv00647(RBW)

INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,
          Defendants

**PLAINTIFF'S REPLY TO DEFENDANT IBM'S OPPOSITION TO
LIMITED EXPEDITED DISCOVERY**

Plaintiff Butera & Andrews, in reply to Defendant IBM's opposition to the motion for limited expedited discovery, would ask the court initially to note the extensive use by the Defendant of source material that is outside the record in this matter in an attempt to establish its claim for dismissal under Rule 12(b)(6). Plaintiff suggests that this is a reflection of a critical absence of facts upon which to base a Rule 12(b)(6) motion to dismiss and argues in favor of the limited expedited discovery requested by the Plaintiff.

The parties agree that earlier attempts have been made to obtain the information sought in the Plaintiff's motion for expedited discovery. However, Defendant IBM incorrectly summarizes the understanding of the parties with regards to such attempts. It is true that IBM has agreed to contact--but not request preservation--of logs from the IP addresses which have been supplied by plaintiff. Def's Memo, p. 17 n. 14. Defendant, however, fails to mention that the other matters which are now requested by way of motion were also discussed, both before and after litigation commenced. Defendant has

1

declined to produce for examination these requested items. Contrary to the implication of Defendant, the Plaintiff has never indicated that it would waive these other requests if IBM participated half way in a single category. The implication that this agreement was a compromise to eliminate the need for expedited discovery is incorrect.

Plaintiff believes that it is important to note that many, if not all, of the areas in which it seeks this preliminary discovery are likely to be electronic in character. Typically administrative rights and maintainence logs are kept in a computer file rather than ever being reduced to hard copy. Likewise router logs and firewall logs are likely to be solely electronic in character. Electronic storage, while often vast, is not infinite and electronic records are often recycled on a regular and automatic schedule. See, e.g. *Landmark Legal Found. v. E.P.A.*, 272 F.Supp.2d 70, 78 (D.D.C. 2003)(backup tapes normally recycled) They are then lost forever. In addition, the Plaintiff seeks a forensic examination of the hard drive(s) for the computer which initiated the attack on its server on November 8, 2005. Such an examination will yield results only if the tracks and sectors that contain the suspected maleware and administrative rights records are examined before they are written over during the normal operation of the drives. Under circumstances in which the information sought may be irretreably lost, courts have permitted such expedited discovery. See, e.g. *Interscope Records v. Does 1-8,* (D.Col. 2006) 2006U.S.Dist.Lexis 32416 (Mar. 13, 2006); (Ex. 1)*Arista Records v. Does 1-20,* (D.Col. 2005) 2005 U.S.Dist.Lexis 30552 (Nov. 7, 2005) (Ex. 2) While it is true that both of these cases dealt with third party discovery requests and not that directly of a named defendant, the principle of likely loss of electronic records is the issue which Plaintiff wishes to emphasize.

Limited expedited discovery is not restricted just to third party discovery cases. *Metal Building Components v. Caperton*, (D.N.M. 2004) 2004 U.S.Dist.Lexis 28854 (April 2, 2004)(granting request to test, sample and inspect building material and to insure not concealed or disposed of) (Ex. 3); *Semitool, Inc. v. Tokyo Electron America, Inc*, 208 F.R.D. 273 (N.D.Cal. 2002)(granting expedited discovery of technical schematics and operating manuals to conserve party and court resources and expedite the litigation in patent case); *Pod-Ners LLC v. Northern Feed*, 204 F.R.D. 675 (D.Col. 2002)(permitting expedited discovery of inventory that may be changed over passage of time in unfair competition action). Plaintiff suggests that these same factors apply in the present circumstances.

As the court in *Semitool* concluded in rejecting the restrictive *Notaro*[1] test: "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." 208 F.R.D. at 276. Significantly, Defendant IBM has not even attempted to outline the prejudice that it would incur as a result of responding to this limited discovery request.

It is not surprising that Defendant IBM denies corporate responsibility for these efforts in arguing for dismissal. That protestation should not be the end of the matter however and should not be permitted to carry the day for purposes of a Rule 12(b)(6) motion. Plaintiff seeks through this motion for expedited discovery the answers that will either confirm IBM's claims of complete innocence or implicate them in procedures and knowledge which they are understandably reluctant to reveal. The data for these answers are almost exclusively electronic and transitory in character.

---

[1] *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982)

Defendant IBM is quite correct in its opposition memorandum that no proposed order was submitted with the initial request for expedited discovery. Such a proposed order has been submitted with the present pleading in conformance with the 10 categories of discovery contained in the original request of the Plaintiff. (Ex. 4)

DATED this 8th day of July, 2006

                                                                        Respectfully submitted,

                                                                         Dennis M. Hart (935643)

                                                                         Butera & Andrews
                                                                         Attorneys for Plaintiffs
                                                                         1301 Pennsylvania Avenue N.W.
                                                                         Suite 500
                                                                         Washington, D.C. 2004
                                                                         202.347.6875